| | |
|---|---|
| Victor H. Mendez-Espinoza<br>14225 Georgia Avenue #104<br>Silver Spring, MD 20906<br><br>     Plaintiff<br><br>    v.<br><br>Flintstone Marble and Granite, Inc.<br>14710 Southlawn Lane<br>Rockville, MD 20850<br>SERVE ON:<br>    Luis Villela<br>    14710 Southlawn Lane<br>    Rockville, MD 20850<br><br>    Defendant | UNITED STATES DISTRICT<br>COURT FOR THE DISTRICT<br>OF MARYLAND<br><br><br>CIVIL DOCKET<br><br><br>CASE NO:<br>_____ |

## COMPLAINT

## PRELIMINARY STATEMENT

Mr. Victor H. Mendez-Espinoza ("Mr. Mendez") through counsel T. Bruce Godfrey of Jezic & Moyse, LLC, brings this action on behalf of himself against Defendant Flintstone Marble and Granite, Inc, ("Defendant") for willful violations of the United States Fair Labor Standards Act of 1938 (29 USC §201 et seq. "FLSA"), the Maryland Wage and Hour Law (Md. Code Ann. §§ 3-401, 3-415, et al. "MWHL") and the Maryland Wage Payment and Collection Act (Md. Ann. Code, LE § 3-501 et seq. "MWPCL") for unpaid overtime.

**JURISDICTION AND VENUE**

1. This Honorable Court has non-exclusive subject matter and personal jurisdiction over this Complaint because:

   a. The wrongful acts and omissions herein described occurred within the District of Maryland;

   b. Defendant maintains a permanent place of business within the District of Maryland;

   c. A federal question regarding violations of the Fair Labor Standards Act presents itself in this case pursuant to 28 U.S.C. §1331; and

   d. The supplemental jurisdiction of this Honorable Court pursuant to 28 U.S.C. §1367 permits the Court to hear state-law claims connected by common nuclei of fact and law with federal claims.

2. For similar grounds, venue is proper before this Honorable Court.

**PARTIES**

3. Mr. Mendez is an adult resident of Montgomery County, Maryland who was, as contemplated under the definition of "employee" under 29 U.S.C. §203(e), employed during times relevant by Defendant as a employee in Montgomery County, Maryland.

4. Defendant Flintstone Marble and Granite, Inc. ("Defendant") is a Maryland corporation formed by Maryland attorney Robert Moses, Esq., for, *inter alia*, "the fabrication and installation of granite and marble, the sales of granite, marble and

related products; and to import buildings materials, mainly marble and tiles from other countries for the purpose of selling them to builders, general contractors, sub contractors and the general public…."  Defendant maintains a place of business in Rockville, Montgomery County, Maryland.

## **FACTS**

5.  The foregoing paragraphs are incorporated by reference as if fully set forth herein.

6.  Defendant employed Mr. Mendez for approximately 11 years as a non-exempt employee in its granite and marble installation business.  During the course of his work, Mr. Mendez performed multiple non-exempt services at regular pay rates from $19.00 to $20.50 per hour  At all times relevant, Defendant controlled both Mr. Mendez's hours worked and pay received as his employer.

7.  Mr. Mendez worked most weeks in excess of 40 hours (such weekly excess hereinafter "overtime"), and per his estimation worked approximately 50 hours per week during approximately 90% of the 150 weeks of work within the last three years until approximately September 19, 2016, i.e. for 135 relevant weeks within the 157 weeks lying within the three year period preceding the filing of this Complaint.

8. Defendant failed to pay Mr. Mendez at the required overtime pay rate of 150% of his regular pay rate for his work hours over 40 hours per week pursuant to the FLSA and the MWHL, paying him "straight" time but not the required "time and a half" for those hours under those mentioned statutes.  Accordingly additional overtime pay is due for the relevant periods of $9.50-$10.25 per underpaid overtime hour, the additional 50% being required to gross up to 150% of the regular $19-$20.50 hourly rates or $28.50-$30.75.

9. Mr. Mendez's work duties and work time did not fall under any applicable exemption from the requirements of the FLSA or MWHL.

10. The failures and refusals of Defendant to pay required overtime compensation as required by U.S. law and Maryland law to Mr. Mendez have been willful by deliberate scheme and without good faith excuse.

11. Maryland law requires all employers to maintain compensation and time records for all employees. Md. Code Ann. LE §3-424.  Accordingly a precise calculation of Mr. Mendez's lawful damages from unpaid overtime is not fully possible without a comprehensive review of the payroll and time records maintained by the Defendant pursuant to Maryland law. The figures herein are good faith estimates designed to protect Plaintiff's rights, Defendant's due process rights and the administrative economy of this Honorable Court.

12. It appears, subject to confirmation and adjustment, that Mr. Mendez is entitled to base additional overtime compensation of roughly $9.50-$10.25 per overtime hour, for roughly 10 hours of overtime per week and roughly 135 relevant pay weeks or, using $10/hour, an estimated total of $13,500.00 exclusive of double or treble exemplary damages under the FLSA, MWHL or MWPCL, interest or attorney's fees.  Mr. Mendez reserves the right and acknowledges the duty to adjust this calculation down or up to conform to applicable proof in a manner consistent with applicable rules and fundamental fairness to the Defendant.

13. The Maryland Wage Payment and Collection Act, Md. Code Ann. LE §§ 3-507 to 3-507.2, allows for a treble damages remedy to a worker whose wages remain unpaid to her for longer than 14 days beyond the applicable wage payment due date; accordingly statutory exemplary treble damages for unpaid wages to Mr. Mendez under that act may equal or exceed, together with base pay, $40,500.00, exclusive of interest, attorney's fees or costs.

14. More than 14 days have passed since the due date of Mr. Mendez's last paycheck for work performed up until September 19, 2016.

15. The FLSA and MWHL allow for additional liquidated damages in the amount of unpaid wages; accordingly statutory liquidated damages under those laws may equal or exceed, together with base unpaid overtime wages, $27,000.00 exclusive of interest, attorney's fees or costs.

5

**COUNT I**
**VIOLATION OF FEDERAL FAIR LABOR STANDARDS ACT**
**OVERTIME WAGES EARNED BUT NOT PAID**

16. Mr. Mendez incorporates by reference all preceding paragraphs of this Complaint.

17. Defendant employed Mr. Mendez from before November 8, 2013 until September 19, 2016 in non-exempt duties as defined under the Fair Labor Standards Act.

18. Upon information and belief, Defendant was a covered employer engaged in interstate commerce during times relevant because of, *inter alia*, its purchase and resale of internationally-sourced and shipped marble and tile products to a variety of purchasers as stated in Defendant's Maryland corporate charter.

19. Defendant paid to Mr. Mendez the regular wage of $19.00 to $20.50/hour during different periods.

20. Mr. Mendez worked for Defendant approximately 50 hours per week for approximately 135 relevant weeks out of the 157 weeks lying fully or partially within the three years preceding the filing of this Complaint,

21. Defendant failed or refused to pay overtime, i.e. pay at the required rate of 150% of the regular rate of pay, to Mr. Mendez for work performed in excess of 40

hours per week during relevant weeks, paying only 100% of the regular rate of pay to Mr. Mendez for those weeks.

22. A shortfall of 50% of the regular rate of pay, i.e. $9.50-$10.25 additional pay per hour, occurred during overtime work during weeks relevant.

23. As a result of Defendant' failure to pay overtime wages at the required overtime rate of 150% of the regular rate of pay as required the Fair Labor Standards Act, Mr. Mendez stands aggrieved of approximately 1350 hours of underpaid wages in the estimated base amount of $10/hour, exclusive of liquidated damages, interest, costs, and attorney's fees.

24. Liquidated damages lie in the amount of double the unpaid wages under the Fair Labor Standards Act.

25. Defendant' conduct was willful and therefore the three-year statute of limitations under the Fair Labor Standards Act for willfulness should apply.

WHEREFORE Mr. Mendez respectfully requests that this Honorable Court award him a judgment against Defendant jointly and severally in the amount of $13,500.00 in unpaid overtime wages, an additional amount of liquidated double damages pursuant to law or $13,500.00 more or $27,000.00, along with applicable interest, costs and attorneys' fees in an amount to be demonstrated pursuant to law and applicable rule.

## COUNT II
## MARYLAND WAGE AND HOUR LAW
## OVERTIME WAGES EARNED BUT NOT PAID

26. Mr. Mendez incorporates by reference all preceding paragraphs of this Complaint.

27. Defendant employed Mr. Mendez from before November 8, 2013 until September 19, 2016 in non-exempt duties.

28. Defendant paid to Mr. Mendez the regular wage of $19.00 to $20.50/hour during different periods.

29. Mr. Mendez worked for Defendant approximately 50 hours per week for approximately 135 relevant weeks out of the 157 weeks lying fully or partially within the three years preceding the filing of this Complaint,

30. Defendant failed or refused to pay overtime, i.e. pay at the required rate of 150% of the regular rate of pay, to Mr. Mendez for work performed in excess of 40 hours per week during relevant weeks, paying only 100% of the regular rate of pay to Mr. Mendez for those weeks.

31. A shortfall of 50% of the regular rate of pay, i.e. $9.50-$10.25 additional pay per hour, occurred during overtime work during weeks relevant.

8

32. As a result of Defendant' failure to pay overtime wages at the required overtime rate of 150% of the regular rate of pay as required under the Maryland Wage and Hour Law, Mr. Mendez stands aggrieved of approximately 1350 hours of underpaid wages in the estimated base amount of $10/hour, exclusive of liquidated damages, interest, costs, and attorney's fees.

33. Liquidated damages lie in the amount of double the unpaid wages under the Maryland Wage and Hour Law.

WHEREFORE Mr. Mendez respectfully requests that this Honorable Court award him a judgment against Defendant jointly and severally in the amount of $13,500.00 in unpaid overtime wages, an additional amount of liquidated double damages pursuant to law or $13,500.00 more or $27,000.00, along with applicable interest, costs and attorneys' fees in an amount to be demonstrated pursuant to law and applicable rule.

**COUNT III**
**WAGE PAYMENT AND COLLECTION ACT VIOLATION**
**Md. Ann. Code, Labor and Employment Article, §3-507.2**

34. Mr. Mendez respectfully incorporates by reference all preceding paragraphs of this Complaint as if restated in full herein.

35. Defendant employed Mr. Mendez from before November 8, 2013 until approximately September 19, 2016 in non-exempt duties as defined under the Fair Labor Standards Act and Maryland Wage and Hour Law.

36. Defendant paid to Mr. Mendez the regular wage of $19-$20.50 per hour.

37. Mr. Mendez worked approximately 50 hours per week for approximately 135 relevant weeks lying fully or partially within the three years preceding the filing of this Complaint.

38. Defendant failed to pay to Mr. Mendez required overtime wages at the rate of 150% of the regular hourly rate for work performed in excess of 40 hours a week during relevant work weeks, as required by the FLSA and MWHL.

39. The base estimated amount of unpaid wages is $10/hour overtime shortfall for approximately 10 hours per week of overtime (i.e. 50 hours a week, 10 hours in excess of 40 per week) for 135 estimated relevant weeks within the statute of limitations, i.e. $13,500.00 exclusive of exemplary damages, liquidated damages, interest, costs and attorneys' fees.

40. The latest due date for Mr. Mendez's wages earned in September was more than 14 days before the filing of this complaint.

41. Maryland law provides for a treble damages remedy to workers for unpaid wages under the aforementioned Maryland Wage Payment and Collection Act when the non-payment is not the result of a good faith dispute and wages are more than 14 days overdue; this law is applicable to unpaid overtime wages as well.

42. The failure of Defendant to pay overtime wages as herein defined and defined under federal and Maryland law caused actual hardship to Mr. Mendez.

43. No good faith dispute exists as to the obligation to pay overtime wages under applicable federal and state wage and hour laws; accordingly the treble damage remedy lies in this case.

44. With treble damages included, Mr. Mendez stands aggrieved of an estimated $40,500.00 plus costs, interest and attorneys' fees.

WHEREFORE Mr. Mendez respectfully requests that this Honorable Court enter a judgment against Defendant in the amount of $40,500 for unpaid wages and statutory treble damages, along with interest, costs and attorneys' fees as authorized by statute and rule.

## **JURY TRIAL DEMAND**

Mr. Mendez respectfully demands a trial by jury on all matters triable by a jury under applicable law and rules.

Respectfully submitted,

/s/

_____
T. Bruce Godfrey #24596
Jezic & Moyse, LLC
2730 University Boulevard West #604
Wheaton, MD 20902
(240) 292-7200
fax 1-240-292-7225
godfrey@jezicfirm.com